IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DOLORES BOSMAN           )
                         )
         Plaintiff       )
                         )
     v.                  )
                         )   Civil No. 10-0159
                         )
WILLIAM CORRIAN          )
                         )
         Defendant.      )

MEMORANDUM ORDER

Gary L. Lancaster,                              June 6, 2011
Chief Judge.

This is an excessive force case pursuant to 42 U.S.C. §1983. Defendant, William Corrian (sic Coroian), has filed a motion in limine requesting the exclusion of medical testimony and the introduction of medical records by a lay witness. Plaintiff, Dolores Bosman, has responded indicating that the only witness to be called at trial is Bosman herself, and that she intends to testify in layman's terms to her first-hand knowledge of her injuries, limitations and medical procedures involving her knee and shoulder, medical bills, doctor's visits, surgeries, appointments, physical therapy sessions, as well as her pain, suffering and restrictions. She does not contest the exclusion of her medical records without foundational testimony from an expert.

Federal Rule of Evidence 701 governs opinion testimony by lay witnesses and limits that testimony to opinions or

inferences which are "(a) rationally based on the perception of the witness, and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702," which governs expert testimony. F.R.E. 701 & 702.

The law is clear that when "the complexities of the human body place questions as to the cause of pain or injury beyond the knowledge of the average layperson ... the law requires that expert medical testimony be employed." Redland Soccer Club, Inc. v. Department of Army of the United States, 55 F.3d 827, 852 (3d Cir. 1995). At issue in this case are injuries to the plaintiff's rotator cuff allegedly caused by Officer Coroian. The medical diagnoses involved here are complex injuries beyond the knowledge of the average layperson. Further, the issue of causation is one that requires the testimony of an expert. Ferris v. Pennsylvania Federation Broth. of Maintenance of Way Employees, 153 F.Supp.2d 736, 746 (E.D. Pa. 2001). Therefore, although plaintiff may offer her first hand observations as to her injuries and course of treatment, plaintiff will not be permitted to testify regarding the diagnosis of her alleged physical condition nor the cause of that condition.

WHEREFORE, IT IS HEREBY ORDERED this 6th day of June, 2011, that defendant's Supplemental Motion in Limine to Preclude Medical Lay Testimony [Doc. No. 48] is GRANTED.

By the Court:

_____,
C.J.

cc: All Counsel of Record